ACCEPTED
01-15-01044-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/17/2015 2:59:12 PM
CHRISTOPHER PRINE
CLERK



**Fee, Smith, Sharp&Vitullo LLP**

Texas Trial Attorneys

Three Galleria Tower   13155 Noel Road   Suite 1000   Dallas, Texas 75240
P 972-934-9100   F 972-934-9200

877-FEESMITH   feesmith.com

1801 S Mopac Expressway   Suite 320   Austin, Texas 78746
P 512-479-9400   F 512-479-9402

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/17/2015 2:59:12 PM
CHRISTOPHER A. PRINE
Clerk

*Lance L. Livingston*
*Direct Dial (972) 980-3266*

*llivingston@feesmith.com*

December 17, 2015

***Via E-filing***
Court of Appeals
First District
301 Fannin Street
Houston, Texas 77002-2066

>       Re:      Court of Appeals Number: 01-15-01044-CV
>                Trial Court Case Number:  2013-35800

Dear Clerk:

On behalf of Appellant Don Prochaska, by the filing of this letter, I am paying the required $205 filing fee to prosecute the above referenced appeal as required in the attached letter.

Thank you for your attention to the above.  If you have any questions, please feel free to contact me.

Very truly yours,

**FEE, SMITH, SHARP & VITULLO, L.L.P.**

Lance L. Livingston
Attorney

LLL/MS

cc:      All Counsel of Record:

Patrick Zummo              pzummo@zoomlaw.com; docket@zoomlaw.com
Ananda N. Chaudhuri        achaudhuri@fleischmanlawfirm.com
Keith M. Fleischman        keith@fleischmanlawfirm.com

FILE COPY



SHERRY RADACK
CHIEF JUSTICE

TERRY JENNINGS
EVELYN KEYES
LAURA CARTER HIGLEY
JANE BLAND
MICHAEL MASSENGALE
HARVEY BROWN
REBECA HUDDLE
RUSSELL LLOYD
JUSTICES

CHRISTOPHER A. PRINE
CLERK OF THE COURT

JANET WILLIAMS
CHIEF STAFF ATTORNEY

PHONE: 713-274-2700
FAX:    713-755-8131

www.txcourts.gov/1stcoa.aspx

# Court of Appeals
# First District
### 301 Fannin Street
### Houston, Texas 77002-2066

December 10, 2015

Gregg S. Weinberg
Roberts Markel Weinberg PC
2800 Post Oak Blvd 57th Floor
Houston, TX 77056
* DELIVERED VIA E-MAIL *

Anthony Leonard Vitullo
Fee,Smith,Sharp & Vitullo LLP
Three Galleria Tower
13155 Noel Rd Ste 1000
Dallas, TX 75240
* DELIVERED VIA E-MAIL *

Jonathan Azano
Fee, Smith, Sharp & Vitullo,LLP
Three Galleria Tower
13155 Noel Rd Ste 1000
Dallas, TX 75240
* DELIVERED VIA E-MAIL *

John L. Malesovas
Malesovas Law Firm
816 Congress Ste 1265
Austin, TX 78701
* DELIVERED VIA E-MAIL *

Clinton J. Echols
Rymer, Moore, Jackson & Echols, P.C.
2801 Post Oak Blvd., Ste 250
Houston, TX 77056
* DELIVERED VIA E-MAIL *

Frank Carroll III
Roberts Markel Weinberg Butler Hailey PC
2800 Post Oak Bvd, 57th Floor
Houston, TX 77056
* DELIVERED VIA E-MAIL *

Lance Livingston
Fee, Smith, Sharp & Vitullo, LLP
Three Galleria Tower
Dallas, TX 75240
* DELIVERED VIA E-MAIL *

Patrick Zummo
Law Offices of Patrick Zummo
3900 Essex Lane Ste 800
Houston, TX 77027
* DELIVERED VIA E-MAIL *

**RE:** **Court of Appeals Number:** 01-15-01044-CV
**Trial Court Case Number:** 2013-35800

**Style:** Don Prochaska v. Johnathan Feldman

## GENERAL INFORMATION

On **December 08, 2015**, a letter of assignment from the **334th District Court** trial-court clerk and a copy of the notice of appeal filed by **Don Prochaska** in the trial court was received and docketed as Cause Number **01-15-01044-CV**. This **Notice** contains information about some of the rules and procedures that govern prosecution of an appeal pending before the First Court of Appeals.

Texas Rule of Appellate Procedure 9.6 requires parties and counsel to communicate about a pending appeal only through the Clerk's office and they may not communicate with either the justices or their staff about a case. It is also improper to send a document to the Court about an appeal unless a copy of it is served on all other parties to the appeal at the same time. *See* TEX. R. APP. P. 9.5(d), (e).

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.supreme.courts.state.tx.us/ebriefs/RedactionGuidelines.pdf.

### INFORMATION ABOUT THE FILING FEE

Unless an appellant is exempt from paying filing fees or has been declared indigent, the appellant must pay the required $205 filing fee to prosecute the appeal. *See* TEX. R. APP. P. 5 (requiring payment of fees in civil cases unless excused) and 20.1 (listing requirements for establishing indigence).

This letter is **NOTICE** to the appellant that the required filing fee must be paid **within twenty (20) days** of the date of this notice. A party who files electronically may pay by credit card through the Tex.gov process. Or, a party may pay with cash in person at the Clerk's office, 301 Fannin, Houston, Texas 77002. A filer may also pay by (1) a money order, cashier's check, or certified check issued by a U.S. financial institution or (2) a money order issued by the United States Postal Service. A money order or a check must be made payable to "Clerk, First Court of Appeals."

There is only one $205 filing fee for each appellate case, regardless of how many appellants there may be, or if multiple notices of appeal are filed. Multiple appellants who are not indigent or exempt must determine amongst themselves how the filing fee will be paid.

### INFORMATION ABOUT THE APPELLATE RECORD

This letter is **NOTICE** to the appellant that the Court may dismiss an appeal for want of prosecution, if the clerk's record is not filed and it is appellant's fault. See TEX. R. APP. P. 37.3(b); 42.3. This letter is also **NOTICE** to the appellant that if it is appellant's fault that the reporter's record is not filed, the Court may decide the appeal on those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Any motion related to informalities in the manner of bringing this appeal must be filed within thirty (30) days after the appellate record is filed. TEX. R. APP. P. 10.5(a).

2

Unless an appellant has established indigence under Texas Rule of Appellate Procedure 20.1, the trial-court clerk and court reporter are not required to file the clerk's and reporter's records until appellant has paid the required fees to prepare and certify the records, or has made satisfactory arrangements to pay the fees. *See* TEX. R. APP. P. 35.3(a)(2), (b)(3).

From information currently available, it appears that the trial court signed the final judgment or other appealable order on November 3, 2015. Because the notice of appeal indicates that a post-judgment motion was <u>not</u> filed, unless the Court receives information to the contrary, the trial court clerk is due to file the clerk's record and the court reporter is due to file the reporter's record on or before **December 17, 2015**.

The appellant and/or appellee should inform the Court as soon as possible if (1) this appeal is accelerated or (2) if there is disagreement about (a) the date the trial court signed the final judgment or appealable order or (b) whether a post-judgment motion or request for findings of fact and conclusions of law was timely filed in the trial court.

It is **mandatory** that both the clerk's record and the reporter's record be filed electronically. Both the trial-court clerk and the court reporter are asked to complete the information sheet on the "Forms" page of the Court's website, http://www.txcourts.gov/1stcoa/practice-before-the-court/forms.aspx, and file it with the Court within ten (10) days of the date of this Notice. The parties do not need to file a motion to extend time to file either the clerk's record or the reporter's record. *See* Texas Rules of Appellate Procedure 34.5(b)(1), (c)(2), 35.3(c), and 35.6(b)(1) and Appendix C of the Texas Rules of Appellate Procedure for electronic filing related to preparation of the appellate record.

Parties are encouraged to work together and with the trial court clerk and court reporter to properly designate all necessary items and portions of the testimony to be included in the initial records. The Court generally will not grant a motion to extend time to file a brief because a party requests to supplement the record with an item or portion of the testimony that the party did not timely designate for inclusion in the initial clerk's record or reporter's record. *See* TEX. R. APP. P. 10.5(b), 34.5(c)(1), 34.6(d), 38.6(d).

### INFORMATION ABOUT FILING DOCUMENTS

Texas Rule of Appellate Procedure 9.3 controls the number of paper copies and documents filed in paper form. All documents must include a certificate of service. *See* Tex. R. App. P. 9.5(d), (e). All civil motions must include a certificate of conference, TEX. R. APP. P. 10.1(a)(5), and require a $10 filing fee, unless the movant has established indigence or is exempt from the advance payment of filing fees, e.g., the State or a political subdivision of the State. *See* TEX. R. APP. P. 5; FEES CIV. CASES B (3); Op. Tex Att'y Gen. No. DM-459 (1997). The Court treats a civil motion requesting multiple types of relief as separate motions and requires a separate $10 filing fee for each motion.

## INFORMATION ABOUT THE DOCKETING STATEMENT

An appellant is required to file a docketing statement. *See* TEX. R. APP. P. 42.3. Until the clerk's record is filed, the docketing statement is the primary source of accurate information about a newly-filed appeal. The information is used to establish appellate deadlines and to send notices to the correct parties at the correct addresses. The "Forms" section of the Court's website includes a docketing statement or the appellant may call the Clerk's office and ask that one be mailed. In this case, the Docketing Statement should be filed **within twenty (20) days** of the date of this notice.

**Section X** must be completed if an appellant believes that his/her civil appellate matter may qualify for the Pro Bono Program sponsored and administered solely by the State Bar of Texas (SBOT) and the Houston Bar Association's Appellate Practice Section (HBA). See the following websites for information: (1) State Bar of Texas Pro Bono Program, First Court of Appeals, http://www.tex-app.org/DrawOnePage.aspx?PageID=82; (2) the Houston Bar Association's website,http://www.hba.org/services/;and (3) http://www.txcourts.gov/1stCOA, Practice Before the Court, Forms, Civil Docketing Statement.

**Section XI** of the docketing statement is an optional section that requests information related to potential participation in an alternate dispute resolution process or mediation. The Court strongly encourages the parties to provide this information due to the successful history of alternative dispute resolution/mediation processes, even in cases where such success initially appeared unlikely.

## INFORMATION ABOUT BRIEFS

Effective January 1, 2014, **all attorneys in civil cases and criminal cases** must electronically file all documents (except a document submitted under seal or subject to a motion to seal) through the EfileTexas.gov electronic filing system. A party representing themselves pro se (without an attorney) in a civil case, is encouraged to e-file documents, but is not required to do so. Electronically filed documents must conform to TEX. R. APP. P. 9.4 and must be completed through EfileTexas.gov, http://www.efiletexas.gov. Electronically filed briefs must comply with TEX. R. APP. P. 9.4 and with the Texas Supreme Court's Redaction Guidelines found at http://www.txcourts.gov/media/124902/redactionguidelines.pdf.

## INFORMATION ABOUT ATTORNEYS APPEARING BEFORE THE COURT

Texas Rule of Appellate Procedure 6 governs matters related to an attorney's representation of a party before the Court. Attorneys must promptly notify the Clerk's office of any change of address or change in designation of the lead counsel for a party. A nonresident attorney who is not a member of the State Bar of Texas must satisfy the requirements for participation in a Texas legal matter found on the Board of Law Examiners' website http://www.ble.state.tx.us.

**INFORMATION ABOUT NOTICES TO PARTIES**

Notice must be sent to all parties of any judgment, mandate, or order issued. *See* Tex. R. App. P. 12.6. If a party is represented by an attorney, notice will be sent to the party's lead counsel. *See* TEX. R. APP. P. 9.5(b). Information available to the public about a case may be found on the "Case Information" page of the Court's website. Parties may sign up for e-mail notices about activity in their case on the "CaseMail" page of the website.

**STANDARDS OF APPELLATE CONDUCT**

The Court follows the Standards of Appellate Conduct adopted by the Supreme Court of Texas and the Court of Criminal Appeals. All attorneys and parties—including pro se litigants— are expected to fully comply with these standards, as well as all applicable provisions of the Texas Rules of Appellate Procedure, the Texas Disciplinary Rules of Professional Conduct, and the Code of Judicial Conduct. See the "Court Rules" page, "Other Rules Governing Attorneys" of the Texas Supreme Court's website, http://www.txcourts.gov/supreme.aspx, or call and ask that a copy be mailed to you.

Should you have questions at any time throughout the appellate process of your case, please do not hesitate to call the Clerk's office at 713-274-2700.

Sincerely,

Christopher A. Prine, Clerk of the Court


cc:     The Honorable Harris County District Clerk's Office - Civil (DELIVERED VIA E-MAIL)
        Judge 334th District Court (DELIVERED VIA E-MAIL)
        Court Reporter 334th District Court (DELIVERED VIA E-MAIL)
        Hon. Olen Underwood (DELIVERED VIA E-MAIL)